IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL O'DELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COMMERCIAL RECOVERY | ) |
| SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, MICHAEL O'DELL, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, COMMERCIAL RECOVERY SYSTEMS, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. MICHAEL O'DELL, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Frederic, County of Crawford, State of Michigan.

5. The debt that Plaintiff was allegedly obligated to pay was a debt originally allegedly owed by Plaintiff to Nissan Motor Acceptance Corporation (hereinafter, "the Debt").

1

6. The debt that Plaintiff allegedly owed was for an auto loan, which was for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. COMMERCIAL RECOVERY SYSTEMS, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Michigan. Defendant is incorporated in the State of Illinois.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.    ALLEGATIONS

14. On or about March 11, 2013, Plaintiff received a telephone call from a duly authorized representative of Defendant who stated that he was calling to collect a debt allegedly owed by Plaintiff.

15. The aforementioned telephone communication between Plaintiff and Defendant was played through Plaintiff's telephone speaker.

16. Throughout the course of the aforementioned telephone call between Plaintiff and Defendant, Plaintiff's wife was next to Plaintiff and, as such, she could hear the telephone conversation between Plaintiff and Defendant over the telephone speaker.

17. During the aforementioned telephone call between Plaintiff and Defendant, Defendant stated Plaintiff owed "a little over $8,000" relative to the Debt.

18. Defendant then asked Plaintiff how he planned to pay the Debt.

19. Plaintiff replied that he did not have the means to pay the entire Debt in one payment.

20. Defendant then offered a payment plan to Plaintiff such that he could settle the Debt for $4,200, payable in six (6) equal, monthly installments of $700 a month.

21. Plaintiff informed Defendant that he could not afford the payment plan Defendant had offered him.

22. Next, Defendant offered to settle the Debt for a one (1) time payment of $3,000.

23. Plaintiff again informed Defendant that he could not afford the second payment plan Defendant had offered him.

24. Defendant responded by informing Plaintiff that if he did not accept one (1) of the two (2) aforementioned payment plans, Defendant would have no choice but to obtain a lien on Plaintiff's property and freeze Plaintiff's bank accounts.

25. At the time Defendant made the aforementioned threat to obtain a lien on Plaintiff's property and freeze Plaintiff's bank accounts, no lawsuit had been filed against Plaintiff for the Debt.

26. At the time Defendant made the aforementioned threat obtain a lien on Plaintiff's property and freeze Plaintiff's bank accounts, no judgment had been entered against Plaintiff for the Debt.

27. Defendant's representations, as delineated above, had the effect of conveying to an unsophisticated consumer that if Defendant appeared before a judge, then Defendant would summarily obtain a judgment.

28. Defendant's representations, as delineated above, had the effect of conveying to an unsophisticated consumer that if Defendant appeared before a judge, then Defendant would summarily obtain a lien against Plaintiff.

29. Defendant's representations, as delineated above, had the effect of conveying to an unsophisticated consumer that if Defendant filed a lawsuit against Plaintiff, then Plaintiff would not be able to defend himself in a lawsuit brought against him by Defendant.

30. During the aforementioned telephone call between Plaintiff and Defendant, Defendant then informed Plaintiff that if he did not accept one (1) of the two (2) payment plans Defendant had offered him, Defendant would mark Plaintiff's account as a "refusal to pay."

31. At no time during the course of the aforesaid telephone conversation did Plaintiff inform Defendant that he refused to pay the Debt.

32. Defendant's representation to Plaintiff that it would mark his account as a "refusal to pay" had the effect of conveying to an unsophisticated consumer that Defendant would refer the Debt to the current creditor of the Debt and it would take additional collection actions against Plaintiff, such as filing a lawsuit against Plaintiff.

33. Defendant's representation to Plaintiff that it would refer the Debt to the current creditor of the Debt had the effect of conveying to an unsophisticated consumer that the current creditor of the Debt would proceed with initiating a lawsuit against Plaintiff relative to the Debt.

34. To date, the current creditor of the Debt has not filed a lawsuit against Plaintiff for the Debt.

35. The natural consequence of Defendant's statement to Plaintiff, as delineated above, was to unjustly condemn and vilify Plaintiff for his non-payment of the Debt.

36. The natural consequence of Defendant's statement was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

37. The natural consequence of Defendant's statement was to cause Plaintiff mental distress.

38. Cognizant that Plaintiff's wife was also a party to the telephone call, during the aforementioned telephone call between Plaintiff and Defendant, Defendant stated to Plaintiff's wife: "The person you are with needs to be more of a man and pay his bills."

39. The natural consequence of Defendant's statement was to unjustly condemn and vilify Plaintiff for his non-payment of the Debt.

40. The natural consequence of Defendant's statement was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

41. The natural consequence of Defendant's statements was to cause Plaintiff mental distress.

42. In its attempts to collect the debt allegedly owed by Plaintiff to Nissan Motor Acceptance Corporation, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    b. Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

    c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    d. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    e. Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

    f. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

    g. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    h. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    i. Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is there is no present right to possession of the property claimed as collateral through an enforceable security interest, if there is no present intention to take possession of the property or if the property is exempt by law from such dispossession or disablement in violation of 15 U.S.C. §1692f(6); and,

      j.    Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

43.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

44.    Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MICHAEL O'DELL, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

        Respectfully submitted,
        **MICHAEL O'DELL**

By:    s/ David M. Marco
       Attorney for Plaintiff

Dated: May 2, 2013

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:  dmarco@smithmarco.com